IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**PHALLON MURRY,** **PLAINTIFF**
also known as Ms. Willie Fry

V. NO. 3:18-CV-31-DMB-RP

**GEICO GENERAL INSURANCE
COMPANY, also known as Government
Employees Insurance Company (GEICO),**
**and MELVIN BREWER** **DEFENDANTS**

## ORDER

Before the Court are Phallon Murry's motion to remand, Doc. #5, and GEICO General Insurance Company's motion to sever, Doc. #13.

## I
## Relevant Procedural History

On January 8, 2018, Phallon Murry filed a complaint in the Circuit Court of Tallahatchie County, Mississippi, against GEICO General Insurance Company and Melvin Brewer. Doc. #2. In her complaint, Murry alleges that Brewer "negligently drove his motor vehicle forward and such negligence proximately caused his vehicle tire to run into the Plaintiff's right ankle and right foot." *Id.* at ¶ 12. Murry further alleges that Brewer was an uninsured motorist and that "[u]nder the GEICO insurance policy, the Plaintiff is entitled to the payment of the policy limit for the uninsured motorist coverage …." *Id*. at ¶ 19–21.

GEICO, asserting diversity jurisdiction, removed the state court action to this Court on February 8, 2018. Doc. #1. The notice of removal alleges that Murry and Brewer are both citizens of Mississippi and that GEICO is a Maryland corporation with a principal place of business of Maryland. *Id*. at ¶¶ 4–6. The notice of removal also alleges that, notwithstanding the matching

citizenship of Murry and Brewer, complete diversity exists because, pursuant to the doctrine of fraudulent or egregious misjoinder, the citizenship of Brewer may be disregarded. *Id.* at ¶¶ 8, 12.

On February 12, 2018, Murry filed a "Motion to Remand."[1] Doc. # 5. On February 23, 2018, GEICO filed a response in opposition to remand, Doc. # 11, and three days later, filed a motion to sever, Doc. # 13.

## II
## Standard

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted). In this regard, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[1] The document includes the statement, "This Motion to Remand is for docketing separately from the Response, Answer, objections, and authority of law in the memorandum filed herein at this time. The latter document is labeled 'Motion to Remand to the Second Judicial District of Tallahatchie County, Mississippi.'" Doc. #5.

The same day, Murry filed a separate document titled, "Motion to Remand to the Circuit Court of the Second Judicial District of Tallahatchie County, Mississippi," Doc. #6; however, the document was not docketed as a motion, does not technically qualify as a memorandum brief in form or substance, and appears to be only Murry's attempt to file a memorandum brief in support of her motion to remand. That day, Murry also filed a virtually identical document with the same title, which was docketed as a motion. Doc. #8. The docket text describes this filing as an amended motion (though it is not titled as such) and indicates it was filed "to Include Cert Page." To the extent Murry intended the first of these filings to serve as a memorandum brief and the second to serve as an amended version of the same, the latter one has been terminated as a motion.

2

# III
# Analysis

Diversity jurisdiction requires that there be: (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).

As explained above, GEICO submits that complete diversity exists because Brewer, a non-diverse defendant, was fraudulently misjoined. Murry seeks remand on the ground that Brewer was not fraudulently misjoined in this action and that, therefore, complete diversity does not exist.

The doctrine of fraudulent misjoinder derives from the Eleventh Circuit's opinion in *Tapscott v. MS Dealer Service Corp.*, which held that "[a] defendant's right of removal cannot be defeated by a fraudulent joinder of a resident having no real connection with the controversy." 77 F.3d 1353, 1360 (11th Cir. 1996)). Recently, this Court rejected fraudulent misjoinder as a basis for removal jurisdiction. *See Wilson v. State Farm Mut. Auto. Ins. Co.*, No. 4:17-cv-124, 2018 WL 1096836, at *2 (N.D. Miss. Feb. 28, 2018). In reaching this conclusion, the Court relied on both the rule that the removal statute must be strictly construed and the absence of clear guidance from the Fifth Circuit or the United States Supreme Court on the application of the fraudulent misjoinder doctrine. *Id*. For these same reasons, the Court concludes here that fraudulent misjoinder is not a viable rule and that, therefore, the citizenship of Brewer, a non-diverse defendant, may not be disregarded. Accordingly, in the absence of complete diversity, remand must be granted. GEICO's motion to sever will be denied as moot.

## IV
## Conclusion

For the reasons above, Murry's motion to remand [5] is **GRANTED** and GEICO's motion to sever [13] is **DENIED as moot**. This action is **REMANDED** to the Circuit Court of Tallahatchie County, Mississippi.

**SO ORDERED**, this 24th day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**